IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES E. FLEMONS,**                                                              **PLAINTIFF,**

**VS.**                                             **CIVIL ACTION NO. 3:04CV135-P-A**

**CITY OF OXFORD, MISSISSIPPI and**
**OWEN CONNOR,**                                                    **DEFENDANT.**

## FINAL JUDGMENT

This matter comes before the court upon Defendants' Motion for Summary Judgment [23-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The Complaint apparently asserts two causes of action: (1) a claim for unlawful racial discrimination in employment under 42 U.S.C. § 1981 against the City of Oxford, Mississippi and Owen Connor, the Foreman of the Oxford Water Department, and (2) a claim under Mississippi law against Owen Connor individually for malicious interference with employment. No claim under Title VII was asserted.

The § 1981 claim against Owen Connor individually must fail because the proper defendant is the governmental employer in his official capacity, not an official in his individual capacity. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463-4 (5th Cir. 2001).

The § 1981 claim against the City of Oxford must also fail because it was not pursued through § 1983. "[T]he express 'action at law' provided by § 1983 ... provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pursued against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-6 (1989). To

prevail on his claim for damages, the plaintiff must show that the violation of his "right to make contracts" protected by § 1981 was caused by a custom or policy within the meaning of *Monell v. Department of Social Services of New York*, 426, U.S. 658 (1978) and subsequent cases. *Jett*, 491 U.S. at 735-6. Not only did the plaintiff not expressly reference § 1983 in his Complaint, he also did not demonstrate how the alleged behavior was caused by a custom or policy pursuant to *Monell* and its progeny. Indeed, "requiring § 1981 claims against state actions to be pursued through § 1983 is not a mere pleading formality." *Felton v. Polles*, 315 F.3d 479, 482 (5th Cir. 2002). The plaintiff's request in his response to the instant motion for summary judgment to amend his complaint to include analysis under § 1983 is untimely and would unfairly prejudice the defendants at this late state in the present litigation.[1]

Because the plaintiff's federal claims should be dismissed, his state claim for malicious interference with employment remains. However, the court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Summary Judgment [23-1] is **GRANTED IN PART AND DENIED IN PART**;

(2) The motion is denied insofar as it seeks dismissal with prejudice of the plaintiff's claim under Mississippi law for malicious interference with employment;

(3) The motion is granted insofar as the plaintiff's claims under 42 U.S.C. § 1981 are

---

[1] The December 7, 2004 Case Management Order set the deadline to amend pleadings to December 24, 2004 – almost six months before the plaintiff mentioned the request to amend in his response to the motion for summary judgment. At no time was a separate motion to amend pleadings filed before the incidental request in the plaintiff's response.

concerned; therefore,

(4) The plaintiff's State law claim for malicious interference with employment is **DISMISSED WITHOUT PREJUDICE** with the applicable statute of limitations period tolled from July 23, 2004 (the date the instant Complaint was filed) to the date of entry of this Final Judgment to allow the plaintiff to file an action in the appropriate State court; and

(5) The plaintiff's claims under § 1981 are **DISMISSED WITH PREJUDICE**; and

(6) This case is **CLOSED**.

**SO ORDERED** this the 6th day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE